WRIGHT, Presiding Judge.
This is an appeal from a judgment denying modification of a prior judgment ordering payment of alimony. The judgment requiring defendant-appellant to pay alimony at the rate of $90 every two weeks was entered by the trial court on November 11, 1976. At that time defendant was employed as a mine foreman making about $20,000 per year. He was discharged from his job on March 31, 1979.
On April 17, 1979, a hearing was held on a rule nisi filed by plaintiff and a petition filed by defendant to terminate or modify the alimony provisions of the 1976 order. After hearing, judgment was entered finding defendant in contempt for failure to pay $1,800 in past due alimony. The petition of defendant to terminate or modify the alimony provision was denied. Defendant appealed to this court upon the issue of refusal to terminate.
By opinion entered October 10, 1979, this court affirmed the trial court in its refusal to terminate the alimony on the basis of § 30-2-55, Code of Alabama (1975). However, we reversed upon the issue of changed circumstances relating to the financial ability of defendant to pay the amount of $90 every two weeks. We held there had been a material change in circumstances. We remanded for further consideration by the trial court to determine what amount the defendant was able to pay under the changed circumstances.
On January 30, 1980, the court heard additional testimony and took judicial knowledge of the prior testimony and proceedings. On February 1, 1980, the court entered judgment again denying modifica *655 tion of the order requiring defendant to pay alimony to plaintiff in the amount of $90 every two weeks. Defendant again appeals.
. The primary issue is whether there is legal evidence to support the refusal to modify the existing order for payment of alimony. This court found from the evidence on the previous appeal that there had been a change of circumstances since the order of 1976. The income of defendant in 1976 was near $1,800 per month. Defendant had lost that job and in April 1979 was receiving only $90 per week in unemployment compensation.
The matter was not again considered by the trial court until January 30,1980, three and one-half months after our order of remandment.
The evidence at that time showed defendant to be a 53-year-old, unemployed man suffering from high blood pressure and gout. His unemployment compensation ended in July 1979. He worked for three or four weeks in July or August of 1979 as a painter, but was unable to continue working. He owns no real estate, has no bank account and lives off of his wife’s bounty. He has applied for Social Security disability and Black Lung benefits. He has heard nothing from either. He owns a 1972 Ford pickup and a fishing boat and motor. He has had these items for several years.
The evidence heard in the first hearing in April 1979 was again considered by the court in reaching the judgment of February 1, 1980. That evidence is also in the record before us. In refusing modification the court stated two premises for doing so. It said first that “alimony can be paid from assets as well as income and the defendant can pay the alimony to his former wife of twenty-four years, who is the mother of six children, from the $6,000 which he sought to remove his name from on the day of the trial in April 1979 to avoid paying alimony.” On April 30, after denying defendant’s motion for new trial, the court amended the February 1 judgment and stated a second ground for denying modification. It said: “[T]he court notes that the defendant has established a record of a substantial earning capacity, and the court is authorized to take into account in fixing periodic alimony the husband’s earning capacity.... The Court further notes that the defendant earns outside income by selling scrap iron and tin.”
Thus, it is shown by the judgment as amended that the trial court denied modification of the alimony requirement because it determined that defendant had assets in his present wife’s name from which to pay alimony and that he had earning capacity which he was failing to use. Our examination of the testimony fails to disclose reasonable support for either of those statements.
There was testimony in the hearing of April 1979 that on the morning of the hearing defendant removed his name from a checking account held jointly with his wife. The only evidence as to the amount of that account was that it contained $200. There was testimony from defendant’s wife that she had a savings account solely in her name containing $5,000. She stated the money therein came from the sale of five acres of land to her father. She related how it had been paid to her in payments. The land was undisputedly hers before her marriage to defendant.
The trial court refers in its judgment to a $6,000 bank account from which defendant removed his name. The only evidence of record concerning the removal of defendant’s name from an account is a $200 checking account. The only other account in the record is the savings account in the name of the wife in the amount of $5,000. The trial court found the testimony of the wife as to how she obtained the money in that account “unworthy of belief.” However, there is no evidence to the contrary. No attempt was made by plaintiff to impeach the wife’s testimony by bank records or by testimony from her father. Without any support in the evidence, the court found there must remain (a year later) an account, which is in fact the property of the defendant and from which he can meet the alimony payments.
*656 We find no support in the record" for the finding of the court that “defendant has established a record of substantial earning capacity.” To the contrary, it is undisputed that defendant has no job, is unable to work, has no material assets, is suffering from high blood pressure and gout, and is awaiting determination of permanent total disability. The trial court recognized and states these facts in its judgment.
This court can understand the need of the former wife for assistance by way of alimony. We understand the desire of the trial court to supply that need. However, the statute authorizing the award of alimony (§ 30-2-51, Code of Alabama (1975)) provides that alimony is to be taken from the estate of the other party. The evidence here is without dispute that the husband has neither estate, income nor physical ability to work. There was ample opportunity for plaintiff to have introduced evidence to the contrary. The court may only judge from the evidence presented.
Considering the state of the record, the trial court erred in denying modification of the prior judgment requiring payment of alimony by defendant.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.